LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| MIGUEL GARCIA VILLEGAS, *on behalf of himself, FLSA Collective Plaintiffs and the Class,* <br><br> Plaintiff, <br><br> v. <br><br> EXQUISITO RESTAURANT INC. d/b/a EXQUISITO, COMPAS 1542 CORP d/b/a EXQUISITO DOMINICAN RESTAURANT, ARGENEDIS NUNEZ <br><br> Defendants. | Case No: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

---

Plaintiff MIGUEL GARCIA VILLEGAS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, EXQUISITO RESTAURANT INC d/b/a EXQUISITO, COMPAS 1542 CORP d/b/a EXQUISITO DOMINICAN RESTAURANT (collectively, "Corporate Defendants"), ARGENEDIS NUNEZ ("Individual Defendant," and collectively with the Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

Defendants: (1) unpaid wages, (2) unpaid minimum wage and overtime due to invalid tip credit, (3) liquidated damages, and (5) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages (2) unpaid minimum wage and overtime due to invalid tip credit (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff is a resident of Queens County of New York.

6.      Defendants operate the below restaurants as a single integrated enterprise under the trade names "EXQUISITO" at the following addresses:

    (a)   21-12 36th Avenue, Long Island City, NY 11106;

    (b)   1542 Gates Avenue, Brooklyn, NY 11237 (collectively, the "Restaurants").

7.      The Restaurants are operated by Defendants as a single integrated enterprise. The Restaurants are commonly owned by the Individual Defendant and are jointly advertised on their shared Instagram account. *See* Exhibit A (Instagram posts for both restaurants). The Restaurants are engaged in related activities, share common ownership and have a common business purpose:

a.  As both are Dominican Food Restaurants, supplies are interchangeable among the Restaurants' locations;

b.  Employees are interchangeable among the Restaurant locations, and in fact employees are frequently interchanged.

c.  The Restaurants share a common ownership and management team. The Restaurants are both owned and managed by the Individual Defendants.

8.    Corporate Defendant EXQUISITO RESTAURANT INC. d/b/a EXQUISITO, is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 21-12 36th Avenue, Long Island City, NY 11106.

9.    Corporate Defendant COMPAS 1542 CORP. d/b/a EXQUISITO DOMINICAN RESTAURANT is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service at 1542 Gates Avenue, Brooklyn, NY 11237.

10.    Individual Defendant ARGENEDIS NUNEZ is an owner and principal of the Corporate Defendant. Defendant ARGENEDIS NUNEZ exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant ARGENEDIS NUNEZ frequently visited both of the Restaurant locations. Defendant ARGENEDIS NUNEZ exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant ARGENEDIS NUNEZ directly regarding any of the terms of their

employment, and Defendant ARGENEDIS NUNEZ had the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees, and to reprimand any employees for performing their job duties improperly.

11.    At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and regulations thereunder.

12.    At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.    Plaintiff MIGUEL GARCIA VILLEGAS brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including but not limited to delivery persons, cooks, waiters, runners, bussers, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

14.    At all relevant times, Plaintiff MIGUEL GARCIA VILLEGAS and FLSA Collective Plaintiffs have been and are similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal to pay Plaintiff MIGUEL GARCIA VILLEGAS and FLSA Collective Plaintiffs for all hours worked, including overtime premium at one-and-one half times their base hourly rates for each hour worked in excess of forty (40) per

workweek. Plaintiff MIGUEL GARCIA VILLEGAS's claims stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.    The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16.    Plaintiff brings claims for relief pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.") 23, on behalf of all current and former non-exempt employees, including but not limited to delivery persons, cooks, waiters, runners, bussers, food preparers, cashiers, counter persons, and cleaning persons employed by Defendants on or after the date that is six (6) years before the filing of the Complaint (the "Class" or "Class Members").

17.    The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18.    The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the

calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19.     Plaintiff MIGUEL GARCIA VILLEGAS's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subjected to the same corporate practices of Defendants, including (i) failing to pay proper minimum wages, (ii) failing to pay overtime premium due to invalid tip credit, (iii) failing to pay spread of hours, (iv) failing to provide wage statements in compliance with the New York Labor Law, , and (vi) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures by Defendants.

20.     With regard to Plaintiffs and the Class, Defendants also failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the New York Labor Law. Plaintiff and the Class suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter, (ii) claimed a tip credit in excess of the statutory amount permissible, (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iv) failed to provide proper wage statements clearly indicating tip credit

allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

21.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22.     Plaintiff MIGUEL GARCIA VILLEGAS is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff MIGUEL GARCIA VILLEGAS is represented by attorneys who are experienced and competent in both class action litigation as well as employment litigation and have previously represented plaintiffs in wage and hour cases.

23.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries, and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

d) Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e) Whether Defendants paid Plaintiff and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

f) Whether Defendants paid the "spread of hours" premium owed to Plaintiff and the Class members working more than ten hours per day as required by New York Labor Law;

g) Whether Defendants paid Plaintiff and Class members proper minimum wage for all hours worked;

h) Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

i) Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

j) Whether Defendants took proper amount of tip allowance for each payment period under the New York Labor Law;

k) Whether Defendants caused tipped employees to engage in non-tipped duties exceeding 20% of each workweek;

l) Whether Defendants provided to Plaintiff and the Class members proper wage and hour notices at date of hiring, as required under the New York Labor Law;

m) Whether Defendants provided proper wage statements informing (i) Plaintiff of the amount of tip credit taken for each payment period, and (ii) the Plaintiff and the Class members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law; and

n) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

**STATEMENT OF FACTS**

26.     In or around June 2017, Plaintiff MIGUEL GARCIA VILLEGAS was hired by Defendants to work as a delivery person for Defendants' Exquisito Restaurant located at 21-12 36th Avenue, Long Island City, NY 11106. Plaintiff's employment with Defendants terminated in March 2020.

27.     From the beginning of his employment to December 2018, Plaintiff worked six (6) days per week from 12:00 a.m. to 12:00 p.m. for twelve (12) hours per day for a total of seventy-two (72) hours each week. From January 2019 to March 2020, Plaintiff worked six (6) days per week from 9:00 a.m. to 7:00 p.m. for ten (10) hours per day for a total of sixty (60) hours each week. During Plaintiff MIGUEL GARCIA VILLEGAS's employment with Defendants, FLSA Collective Plaintiffs and Class members worked similar hours.

28.    From June 2017 through December 31, 2018, Plaintiff VILLEGAS was paid at a fixed salary of $400.00 per week. Class members were similarly paid on a fixed salary basis despite working more than 40 hours per week. There was no agreement among any Class member and Defendants that the fixed salary paid covered over time hours, so all Class members and Plaintiff are owed compensation for unpaid overtime.

29.    From January 1, 2019 through to March 2020, Plaintiff VILLEGAS was paid at a base hourly rate of $10.00 per hour.

30.    Plaintiffs and Class members were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiffs and Class members, Defendants were not entitled to claim any tip credit allowance under the NYLL because Defendants (i) failed to properly provide tip credit notice; (ii) failed to inform them that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by them; (iii) failed to inform that all tips received by them are to be retained by them except pursuant to a valid tip pooling arrangement; (iv) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement; (v) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek; (vi) claimed a tip credit in excess of the statutory amount permissible; (vii) failed to accurately track daily tips earned or maintain records thereof; (viii) failed to properly provide tip credit notice at hiring and annually thereafter; and (ix) failed to provide a proper wage statement with every payment of wages informing tipped employees of the amount of tip credit deducted for each payment period, in violation of the New York Labor Law.

31.     Plaintiffs and Class members were required to engage more than 20% of their working time in non-tipped related activities, including, but not limited to, accept and upload all deliveries, fill up refrigerators, and cleaning the kitchen and the restaurant. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding 20% of the total hours worked each workweek, Defendants improperly claimed tip credit for all hours worked by tipped employees.

32.     At all relevant times, Plaintiff MIGUEL GARCIA VILLEGAS, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime premium rate of time and one half of their regular hourly rate for each hour exceeding forty (40) hours per workweek in violation of the FLSA and NYLL.

33.     Throughout his employment with Defendants, Plaintiff MIGUEL GARCIA VILLEGAS was required to work shifts exceeding ten (10) hours in duration on six (6) days per week and would never receive spread of hour's premium. Similarly, Class Members were frequently required to work shifts exceeding ten (10) hours in duration for which they were not paid spread of hour's premium.

34.     Defendants never provided Plaintiff MIGUEL GARCIA VILLEGAS with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

35.     Defendants did not provide Plaintiff MIGUEL GARCIA VILLEGAS with proper wage statements at all relevant times. Similarly, the Class members also did not receive proper wage statements, in violation of the NYLL.

36.     Plaintiff, FLSA Collective Plaintiffs, and the Class members had workdays that regularly exceeded ten (10) hours in length. However, Defendants routinely failed to pay them spread of hours premiums due under the NYLL.

37.     At no time during the relevant time periods did Defendants provide Plaintiff or the Class members with wage notices or proper wage statements as required by NYLL.

38.     On or around August 2020, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

## ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

39.     Plaintiff realleges and reavers Paragraphs 1 through 38 of this class and collective action Complaint as if fully set forth herein.

40.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42.     At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

43.     At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

44.     At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay them wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week.

45.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

47.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

48.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime premium, unpaid minimum wage and an equal amount as liquidated damages.

49.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to the FLSA.

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

## <u>ON BEHALF OF PLAINTIFF AND CLASS MEMBERS</u>

50.    Plaintiff realleges and reavers Paragraphs 1 through 49 of this class and collective action Complaint as if fully set forth herein.

51.    At all relevant times, Plaintiff and the Class members were employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651.52.

52.    At all relevant times, Defendants willfully violated Plaintiff's and Class member's rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

53.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff and the Class Members for all hours worked, including at the statutory rate of time and one-half the regular rate for overtime hours worked.

54.    In addition, Defendants willfully violated Plaintiff and the Class members' rights by failing to pay them spread of hours premiums required by state law.

55.    Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

56.    Defendants failed to provide a proper wage and hour notice, on the date of hiring and annually, to all non-exempt employees, in direct violation of the New York Labor Law.

57.    Defendants failed to provide proper wage statements with every payment issued to Plaintiff and the Class members, as required by New York Labor Law § 195(3).

58.    Due to Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime premium, unpaid spread

of hours premium, compensation for unpaid minimum wage, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MIGUEL GARCIA VILLEGAS, on behalf of himself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages including minimum wage and overtime compensation due to invalid tip credit under the FLSA and NYLL;

d. An award of unpaid spread of hours premium due under the NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL;

f. An award of liquidated damages as a result of Defendants' willful failure to pay overtime wages minimum wages and spread of hours premium pursuant to the FLSA or NYLL;

g. An award of pre-judgment and post-judgment interest, costs, and expenses of this action, together with reasonable attorneys' and expert fees;

h.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

i.  Designation of this action as a class action pursuant to F.R.C.P. 23;

j.  Designation of Plaintiff as Representative of the Class; and

k.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.


Dated: February 10, 2021                          Respectfully submitted,

                                                  LEE LITIGATION GROUP, PLLC

                            By:      /s/ C.K. Lee

                                     C.K. Lee (CL 4086)
                                     Anne Seelig (AS 3976)
                                     148 West 24th Street, 8th Floor
                                     New York, NY 10011
                                     Tel.: 212-465-1188
                                     Fax: 212-465-1181
                                     *Attorneys for Plaintiff, FLSA Collective Plaintiffs
                                     and the Class*